IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 1 1 2011

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

| | |
|---|---|
| BARBARA YAHYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 11-2190 |
| GREATER NORTHEASTERN | ) |
| MANAGEMENT, LLC | ) |
| a/k/a GNE MANAGEMENT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, BARBARA YAHYA, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, GREATER NORTHEASTERN MANAGEMENT, LLC a/k/a GNE MANAGEMENT, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4.   BARBARA YAHYA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Paris, County of Logan, State of Arkansas.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to EZ Payday Loans of Oklahoma, LLC.

6. The debt that Plaintiff allegedly owed to EZ Payday Loans of Oklahoma, LLC was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. GREATER NORTHEASTERN MANAGEMENT, LLC a/k/a GNE MANAGEMENT, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is registered as a Limited Liability Company in the State of New York.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about May 24, 2011, Plaintiff received a voicemail message from a duly authorized representative of Defendant.

15. At no time during the course of the aforesaid voicemail message did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

16. During the course of the aforesaid voicemail message, Defendant's duly authorized representative identified himself as "Inspector White."

17. Defendant's statement that is representative was an "Inspector" was false, deceptive and/or misleading given that, upon information and belief, Defendant's duly authorized representative was not an "Inspector."

18. Defendant's statement that its representative was an "Inspector" had the effect of conveying to an unsophisticated consumer that Defendant was affiliated with and/or an agent of a police and/or governmental body.

19. Defendant has neither an affiliation with a police and/or governmental body nor is Defendant an agent of a police and/or governmental body.

20. On or about May 24, 2011, Plaintiff engaged in a telephone conversation with a duly authorized representative of Defendant.

21. During the course of the aforesaid telephone conversation, Defendant's duly authorized representative again identified himself as "Inspector White."

22. During the course of the aforesaid telephone call, Defendant informed Plaintiff that she had "written a bad check."

23. Defendant then told Plaintiff that she had defaulted on making payments relative to a payday loan.

24. Defendant also told Plaintiff that by writing a bad check and defaulting on her payments that Defendant was going to take legal action against her.

25. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the debt on which it was attempting to collect.

26. Defendant's representations, as delineated above, further had the effect of conveying to an unsophisticated consumer that Defendant was going to take criminal action against Plaintiff relative to the debt on which it was attempting to collect.

27. Plaintiff has not engaged in criminal conduct with respect to the debt on which Defendant was attempting to collect.

28. Defendant's representations that Plaintiff had engaged in criminal conduct were false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

29. Defendant's representation that it would take criminal action against Plaintiff misrepresented the character, status and/or legal nature of the debt on which it was attempting to collect given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

30. Defendant's representations that it would take criminal action against Plaintiff were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

31. During the course of the aforesaid telephone conversation, Defendant also told Plaintiff that if she did not settle a debt she owed then it would file a lawsuit against her.

32. Defendant informed Plaintiff that the only way she could avoid Defendant filing a lawsuit against her would be if she settled the debt immediately.

33. During the course of the aforesaid telephone conversation, Plaintiff informed Defendant that she would not make a payment relative to the debt on which she was attempting to collect until she had received documentation from Defendant relative to the debt on which Defendant was attempting to collect.

34. On or about May 24, 2011, subsequent to the aforesaid telephone conversation, Defendant sent Plaintiff a correspondence relative to the debt on which it was attempting to collect. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

35. In the aforesaid correspondence Defendant stated "[t]hank you for entering into an agreement for a payment plan towards the above reference settlement. Your payments are scheduled as follows."

36. Defendant's representation that Plaintiff had entered into settlement with Defendant relative to the debt on which it was attempting to collect was false, deceptive and/or misleading given that Plaintiff had not agreed to enter into a settlement with Defendant relative to the debt she allegedly owed.

37. Defendant's representation that Plaintiff had entered into settlement with Defendant relative to the debt on which it was attempting to collect misrepresented the status, nature and/or character of the debt on which Defendant was attempting to collect given that Plaintiff had not agreed to enter into a settlement with Defendant relative to the debt she allegedly owed.

38. On or about May 24, 2011, Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

39. Again, at no time during the course of the aforesaid voicemail message did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

40. During the course of the aforesaid voicemail message, Defendant's duly authorized representative stated that he was calling from Defendant's "legal outsourcing department."

41. Defendant further stated that Plaintiff had to contact Defendant by 2:00 p.m. that same day.

42. Defendant's representations, during the course of the aforesaid voicemail message, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not contact Defendant by 2:00 p.m. on that same day then Defendant would file a lawsuit against Plaintiff.

43. Defendant's duly authorized representative's statements that he was calling from Defendant's "legal outsourcing department" in conjunction with Defendant's statement and given Defendant's failure to identity itself as a debt collector, as delineated above, had the effect of conveying to an unsophisticated consumers that Defendant's duly authorized representative who had left the aforesaid voicemail message was an attorney.

44. At no time during the course of the aforesaid voicemail message did Defendant's duly authorized representative advise Plaintiff that he was not an attorney.

45. Upon information and belief, the individual who left the aforesaid voicemail message for Plaintiff on behalf of Defendant was not an attorney.

46. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

47. Upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

48. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

49. Upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

50. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

51. In its attempts to collect the debt allegedly owed by Plaintiff to EZ Payday Loans of Oklahoma, LLC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   e. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

    f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

    g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    h. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    i. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    j. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    k. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    l. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    m. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

52.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    JURY DEMAND

53.    Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BARBARA YAHYA, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,<br>
**BARBARA YAHYA**<br>
By: _____<br>
David M. Marco<br>
Attorney for Plaintiff

Dated: October 5, 2011

David M. Marco (Atty. No.: 6273315)  
LARRY P. SMITH & ASSOCIATES, LTD.  
205 North Michigan Avenue, 40th Floor  
Chicago, IL 60601  
Telephone: (312) 546-6539  
Facsimile: (888) 418-1277  
E-Mail: dmarco@smithlaw.us